UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARY LOUISE CAPERS WEBB                 CIVIL ACTION NO. 15-cv-0025
ROUTTE WELLS

VERSUS                                  JUDGE HICKS

HAIN CELESTIAL GROUP, INC.              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Mary Louise Capers Wells ("Plaintiff"), who is self represented, commenced this action against her former employer, Hain Celestial Group, Inc., by filing a complaint provided by the Clerk of Court for use in Title VII cases.  She paid the filing fee in full. Before the court is Hain's Motion to Dismiss (Doc. 10) on the grounds of insufficient service of process and failure to state a claim upon which relief may be granted.  For the reasons that follow, it is recommended that the motion be granted.

### Rule 12(b)(6) Review

Hain attacks the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has not stated a claim on which relief may be granted.  To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se

complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378 (5th Cir. 2002).

Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." The Clerk of Court provided Plaintiff with a form complaint that, consistent with Rule 8, asked her to describe "in your own words" the employment practices about which she is complaining and to identify the persons or companies she says engaged in such practices. The complaint provides several lines on which a plaintiff may write to describe those matters. Plaintiff left this section of her form completely blank.

Plaintiff did check boxes on the form to indicate that she had filed with the EEOC and received a notice of right to sue. She attached 82 pages of what appears to be the complete administrative file from the EEOC, which Plaintiff requested from them at the conclusion of her administrative proceedings. Those documents do include a charge of discrimination in which Plaintiff wrote that she was grabbed by her buttocks once, and a male employee once put his hand between her legs. She also complained that the plant manager told female employees to limit restroom visits or quit, and she was told there was no work for her when two white women with less experience were allowed to work. Plaintiff complained that she was discriminated against based on her race, sex, color, and age.

The documents also include the notice of right to sue, which was accompanied by instructions for filing suit in district court.  The agency told Plaintiff that "Filing this Notice is not enough.  You must file a 'complaint' that contains a short statement of the facts of your case which shows that you are entitled to relief."  The agency further advised that Plaintiff could get answers to simple questions from the Clerk of Court, "but do not expect that office to write your complaint or make legal strategy decisions for you."  Despite that advice, Plaintiff included zero facts in her complaint that could support an actionable claim.

There are some facts to be found within the 82 pages of attached documents, but Rule (8)(a)'s short and plain statement requirement, and Twombly's requirement of a plausible claim, are not satisfied by filing a blank complaint and attaching an unexplained pile of papers.  Neither the court nor the defendant should be required to pore over those papers and attempt to guess at which allegations or information Plaintiff attempts to base her lawsuit claim(s) upon.

Hain pointed out these shortcomings in its motion to dismiss, and Plaintiff did not attempt to cure her complaint, nor did she file any proper opposition to the motion.  She did file a letter (Doc. 15) in which she stated that she "asked for immediate judgment because of my lack of education and procedure ability this case has presidence (sic) in Kennedy vs. Kennedy no other no other documents need apply except, a honest heart and God speed."

Plaintiff's submissions do not survive scrutiny under Rule 12(b)(6).  The complaint does not set forth a short and plain statement of facts on which relief can be granted and to which a defendant can reasonably be expected to respond. Her submissions also indicate

strongly that, even if Plaintiff were able to file a complaint that survived Rule 12(b)(6) review, it would be virtually impossible for Plaintiff to satisfy the demands of discovery, motion practice, trial, and the other complex aspects of federal litigation with which even experienced attorneys struggle.  In any event, the complaint fails to state a claim on which relief may be granted, and it should be dismissed for that reason.

**Insufficient Service of Process**

Plaintiff is not proceeding as a pauper, so the court was not obligated to appoint the Marshal to make service.  The court nonetheless issued an order (Doc. 4) that explained to Plaintiff her obligation to file evidence of valid service of process on the named defendant. She was given instructions on where to obtain a summons form, and she was directed to Federal Rule of Civil Procedure 4 for instructions on making service.  The court also provided Plaintiff the name of the agent for service of process for Hain that was listed on the Secretary of State's website.  The time for timely service under Fed. R. Civ. Pro. 4(m) had passed, but the court exercised its discretion to allow Plaintiff additional time through June 26, 2015 to complete service.  She was warned that her complaint would be subject to dismissal for failure to do so.

Plaintiff later requested additional time, and the court extended her deadline to July 27, 2015.  Doc. 7.  She was again warned that failure to file proof of valid service by that date could result in dismissal of this case.  Plaintiff filed on July 17, 2015 a summons return that indicated service had been made by a company that offers such services, and that the summons had been delivered to the agent for Hain listed with the Secretary of State.

Hain complains about the timeliness of the service, but the court was within its discretion to extend the deadline.  "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).  Accordingly, if the July 2015 service was valid, its purported lack of timeliness is not a valid defense.

Hain also challenges the adequacy of the papers that were delivered to its agent. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990).  "Pro se status does not excuse a litigant's complete failure to effect service." Id.  "Plaintiffs normally meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as prima facie evidence of the manner in which service was effected." Leggett v. Graybar Elec. Co., 2015 WL 1636844, *2 (S.D. Miss. 2015), quoting Nabulsi v. Nahyan, 2009 WL, 1658017 (S.D. Tex. 2009)(quotation marks and citations omitted).

Hain represents in its memorandum that Plaintiff did not attach a copy of the complaint to the summons that was served on Hain's agent in July 2015.  Hain further represents that Plaintiff did not at that time, or ever, serve Hain with a copy of her complaint. Hain does not offer an affidavit or other evidence on this issue.  It merely references the summons return that was filed as Doc. 9.  Such returns are not ordinarily filed into the record accompanied by the complaint or other document that might have been served with them.

If Hain is basing its argument on the lack of a complaint attached to the filed return, then its position is not well unsupported. It is fair to expect that the professional firm that served the summons would have known, even if Plaintiff did not, that there should have been a complaint or other papers accompanying the summons it served. Perhaps that was not the case, but given that such returns are generally accepted as satisfying the burden of proving service, and considering the lack of more affirmative evidence from Hain on this issue, the undersigned finds that it is not appropriate to recommend dismissal based on this alternative ground. If, however, the case is not dismissed for failure to state a claim on which relief may be granted, Hain may submit additional evidence on this point. Although post-recommendation submissions of additional evidence are generally discouraged by this court, Hain may also submit such evidence during the objections period that follows this recommendation.

Accordingly,

**IT IS RECOMMENDED** that Hain Celestial Group, Inc.'s **Motion to Dismiss (Doc. 10)** be **granted** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of November, 2015.

Mark L. Hornsby
U.S. Magistrate Judge